# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:22-CV-335-RJC-DCK

| | |
|---|---|
| **FRIEDLAM PARTNERS, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| **LERNER AND COMPANY REAL ESTATE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To File Its Exhibit 1 To Its Memorandum In Support Of Its Motion To Dismiss Under Seal" (Document No. 5). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

## BACKGROUND

Friedlam Partners, LLC ("Plaintiff" or "Friedlam") and Defendants entered into a "Purchase And Sale Agreement" (Document No. 1-1) (the "Agreement") on or about February 15, 2022, under which Plaintiff agreed to acquire ten (10) multi-family properties located in the greater Charlotte, North Carolina, area, as set forth in Paragraph 1.1 of the Agreement. (Document No. 1, p. 5). "Defendants are a variety of limited liability companies and individuals that own individual multi-family residential properties located in North Carolina, family real estate trusts with ownership interests in various multi-family properties, and individual family members." (Document No. 1, pp. 1-2).

Plaintiff Friedlam initiated this action with the filing of a Complaint on July 25, 2022. (Document No. 1). Plaintiff alleges that Defendants breached the parties' Agreement by failing to return "Earnest Money" it had paid. (Document No. 1). Pursuant to the Agreement, Plaintiff obtained an environmental inspection of the properties and then determined that there was a "Material Adverse Condition" that justified terminating the Agreement and recovering the Earnest Money. Id. Defendants disagreed, and Plaintiff filed this lawsuit with claims for: (1) breach of contract; (2) negligent misrepresentation; (3) fraudulent misrepresentation; and (4) unfair and deceptive trade practices. Id.

On October 24, 2022, Defendants filed their pending "…Motion To File Its Exhibit 1 To Its Memorandum In Support Of Its Motion To Dismiss Under Seal" (Document No. 5) and "…Motion To Dismiss" (Document No. 7).

By the instant motion, Defendants seek to keep the "Limited Phase II ESA Report" (Document No. 9) ("Phase II Report" or "Exhibit 1") attached to their "Memorandum In Support Of Defendants' Motion To Dismiss" (Document No. 1) under seal. (Document No. 5); see also (Document Nos. 6 and 9). The Phase II Report is an environmental assessment conducted pursuant to the parties' Agreement. See (Document No. 1-1, pp. 4-5).

## STANDARD OF REVIEW

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

**LCvR. 6.1   SEALED FILINGS AND PUBLIC ACCESS.**

**(a)**   *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule,

2

Case 3:22-cv-00335-RJC-DCK   Document 28   Filed 09/25/23   Page 2 of 5

"materials" includes pleadings and documents of any nature and in any medium or format.

**(b)** *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

**(1)** A non-confidential description of the material sought to be sealed;
**(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
**(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
**(4)** Supporting statutes, case law, or other authority.

LCvR 6.1.

## DISCUSSION

The undersigned finds that the pending motion to seal presents a close call. However, having considered the parties' arguments and cited legal authority, as well as the factors provided in LCvR 6.1(c), the Court will grant the motion to seal.

In short, the undersigned finds Defendants' arguments are most compelling. In particular, as noted by Defendants, the Agreement, which is the crux of this breach of contract action, states that the "Purchaser will not reveal the results of its inspections or tests to any third party except its legal and financial advisors and any prospective lender." (Document No. 1-1, p. 5); (Document No. 5, p. 1). Defendants contend this language in the Agreement precludes the filing of the confidential results of the Phase II Report on the public docket. (Document Nos. 5 and 6).

3

Plaintiff opposes the motion to seal. (Document No. 22). Plaintiff argues that the Phase II Report was filed with the objective of maintaining judicial relief, and therefore, is "a judicial record subject to First Amendment and common-law considerations." (Document No. 22, p. 2). Plaintiff concludes that any harm to Defendants is "speculative" and that there is a "compelling public interest" in unsealing the Phase II Report. (Document No. 22, p. 7).

In further support of keeping the Phase II Report sealed, Defendants' reply brief asserts that the actual contents of the Phase II Report do not impact the Court's decision on the pending motion to dismiss, and therefore, Defendants' "private interest in confidentiality" "overrides any right to access" the Report by the public. (Document No. 26, pp. 2-3).[1] Defendants contend that they attached the Phase II Report only to show what it did not include "– a reasonable estimate from the qualified environmental professional ("QEP") stating the cost to remediate the alleged contamination on the property" - that would support a "Material Adverse Condition" under the terms of the Agreement. Id.

In addition, Defendants note that the Phase II Report itself includes a non-disclosure provision. (Document No. 26, p. 7) (citing Document No. 9, pp. 6-7). Moreover, according to Defendants, the Phase II Report is incomplete and misleading, and thus damaging to them, based on subsequent evaluation(s) by the North Carolina Department of Environmental Quality ("NCDEQ"). (Document No. 26, p. 7, n. 2).

Defendants conclude that the "Court should not allow Plaintiff to void two separate non-disclosure provisions, one of which protects the privacy interests of a non-party, especially when the Phase II Report is cited in Defendants' Motion to Dismiss only to show an absence of

---

[1] The undersigned notes that Defendants' briefing seems to offer contradictory characterizations of the Phase II Report as "highly relevant to Plaintiff's claims as well as Defendant's Motion to Dismiss" and as "an irrelevant document." Compare (Document No. 5, p. 2 and Document No. 26, p. 2).

4

information, as described above." (Document No. 26, p. 8).

The undersigned finds Defendants' arguments most persuasive at this stage of the litigation; however, it does not appear that Defendants adequately addressed how long the material should remain under seal or why there is no alternative to filing the entire document under seal versus providing a redacted version. <u>See</u> LCvR 6.1 (c)(2)-(3). Also, as noted above, Defendants seem to offer contradictory arguments about the relevance of the Phase II Report that might deserve further examination. Based on the foregoing, the Court reserves the right to reconsider the merits of unsealing the underlying document and/or allowing a publicly available redacted version of the disputed document, at a later date.

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To File Its Exhibit 1 To Its Memorandum In Support Of Its Motion To Dismiss Under Seal" (Document No. 5) is **GRANTED**. Document No. 9 shall remain under **SEAL** until otherwise ordered by this Court.

**SO ORDERED**.

Signed: September 25, 2023

David C. Keesler
United States Magistrate Judge

5

Case 3:22-cv-00335-RJC-DCK   Document 28   Filed 09/25/23   Page 5 of 5